**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**ROBERT LEE AUSTIN PIERCE,** *et al.*                                                      **PLAINTIFFS**

v.                                    **CASE NO. 3:13CV00108 BSM**

**BIC CORPORATION,** *et al.*                                                                        **DEFENDANTS**

## ORDER

Plaintiffs' motion to remand [Doc. No. 9] is granted and this case is remanded to the Poinsett County, Arkansas Circuit Court. All pending motions are denied as moot.

## I. BACKGROUND

Plaintiffs Robert Lewis and Tracy Pierce are the parents of plaintiffs Robert Lee Austin and Drake Pierce and the administrators of the estate of Blake Pierce, their deceased son. The Pierces' home in Trumann, Arkansas is leased from defendant Truman Housing Authority, and the Pierces are attempting to recover for damages caused by a fire in their home. The fire occurred when the Pierces' three year old son ignited sheets in a bedroom while playing with a BIC lighter. *Id.* at ¶ 6. This occurred after the children's babysitter had fallen asleep. [Doc. No. 2], ¶ 13(e). The fire spread through the home, resulting in one child's death and grave injuries to the other two.

Plaintiffs filed suit in state court, asserting products liability claims against the diverse defendants, BIC Corporation and BIC USA Inc. (collectively "BIC"). Plaintiffs sued the housing authority for negligently failing to maintain the smoke detector as required by federal housing regulations. Plaintiffs claim that if the smoke detector had been operating

properly at the time of the fire, the alarm would have awaken the babysitter and given him an opportunity to remove the children from the home before the fire spread from the bedroom.

BIC removed the case, asserting there is complete diversity because plaintiffs fraudulently joined the housing authority for the sole purpose of defeating federal diversity jurisdiction. BIC claims that there is no plausible factual support for plaintiffs' negligence claim against the housing authority and as such, its citizenship should be discounted for purposes of determining diversity. Plaintiffs now move to remand.

## II. DISCUSSION

The joinder of non-diverse defendants is fraudulent "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks and citation omitted). The district court's task is limited to determining "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. In making this prediction, all facts and ambiguities in the state's law are resolved in favor of remand. *Id.*

Here, there is a reasonable factual basis to predict that plaintiffs have a plausible negligence claim against the housing authority. The Pierces have submitted affidavits from firemen and police officers indicating that the smoke alarm in the Pierces' home was not functioning at the time of the fire. In its response brief, BIC neither acknowledges nor responds to any of the affidavits. Instead, it contends that the two exhibits attached to its

notice of removal show, without question, that the smoke detector was fully operable on the day of the fire. Contrary to BIC's assertion, its exhibits do not conclusively show that the smoke detector was operating properly at the time of the fire. Further, whether the smoke detector was indeed working is an issue for the jury to decide at a later time. At this stage, the only question is whether plaintiffs can establish a reasonable factual basis for their claims against the housing authority and the affidavits attached to their motion to remand shows they can.

BIC also raised concerns about an inaccurate statement contained in the affidavit of David Hicks, who was one of the responding fire department officials. Hicks's affidavit stated that "[t]he smoke detector was not connected to any electrical source," but he later met with plaintiff's counsel and asked him to remove that statement because he in fact did "not know whether [the smoke detector] was plugged into the electrical box." Although this information may be important in helping a jury determine whether the parties and their witnesses are credible, it is not information that determines, by itself, whether plaintiffs can support a negligence claim against the housing authority.

In sum, the information presented by plaintiffs provides a sufficient factual basis to conclude that they have a plausible negligence claim against Trumann Housing Authority. *Filla*, 336 F.3d at 811. As such, BIC's assertion of federal diversity jurisdiction on the basis of fraudulent joinder fails, and plaintiffs' motion to remand is granted. All pending motions are denied as moot and this case is remanded to the Poinsett County, Arkansas Circuit Court.

IT IS SO ORDERED this 8th day of July 2013.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE